The foregoing shall constitute the Court's findings of fact and conclusions of law.

**David SALTZMAN, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

Civ. A. No. 83–1541.

United States District Court, W.D. Pennsylvania.

Nov. 21, 1983.

**386**

Leo A. Keevican, Jr., R. Dennis Osterman, Berkman, Ruslander, Pohl, Lieber & Engel, Pittsburgh, Pa., for petitioner.

Thomas A. Daley, Asst. U.S. Atty., Pittsburgh, Pa., Martin Teel, Tax Div., Dept. of Justice, Washington, D.C., for respondent.

## OPINION and ORDER

TEITELBAUM, Chief Judge.

This matter is before the Court on the petition of David Saltzman ("taxpayer") filed under 26 U.S.C. § 7609(b) of the Internal Revenue Code ("Code"), to quash an Internal Revenue Service ("IRS") summons and the petition of the government, filed under 26 U.S.C. § 7609(h), for denial of the petition to quash and for enforcement of the summons.

Specifically, the taxpayer seeks to quash the summons asserting (1) that in serving the summons the IRS did not follow the administrative steps required by 26 U.S.C. § 7609(d) Restriction on Examination of Records, (2) that examination of the records violated the taxpayer's Fourth Amendment rights and (3) that enforce-

ment of the summons would amount to an abuse of the Court's process. Additionally, the taxpayer argues that the appropriate remedy for such violations is to grant his petition to quash and to suppress the file from use in *any* subsequent proceeding. For the reasons stated below, the Court finds that there was no substantive violation of 26 U.S.C. § 7609(d), that no violation of the taxpayer's Fourth Amendment rights occurred, and that suppression is not warranted.

■ While the Code has been recently amended to require the taxpayer to institute a proceeding to quash a summons rather than to have the government petition for enforcement, this has not changed the substantive law of summons enforcement. *Godwin v. United States*, 564 F.Supp. 1209, 1213 (D.Del.1983). For a summons to be enforced the IRS must demonstrate that the investigation is being conducted for a legitimate purpose; the information sought is relevant to that purpose; the information is not already within the IRS's possession; and, the administrative steps required by the Code have been followed. *United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–255, 13 L.Ed.2d 112 (1964). If these steps are satisfied a taxpayer may nonetheless defeat judicial enforcement of a summons by establishing that enforcement would constitute an abuse of the Court's process. *Id.* at 58, 85 S.Ct. at 255.

On June 3, 1983, at 9:15 a.m., two IRS agents met with the taxpayer in an effort to obtain information regarding his income tax liabilities for the years 1978 through 1982. The taxpayer suggested that the agents contact his accountant, Paul Friedman, to answer any questions they might have about his income tax liabilities. At 11:15 a.m., the agents went to Friedman's office where they spotted him as he was leaving. When Friedman saw the agents he retreated back into his office. One of the agents realized that Friedman had recognized him from a previous investigation in which Friedman had appeared in response to an unrelated summons and testi-

fied that he was not in possession of any of the requested materials. When Friedman returned to his office, the agents entered and served a summons on him. That summons seeks all workpapers, books, records and necessary testimony of Friedman concerning the income tax liability of the taxpayer for the years 1978 through 1982.

Upon service of the summons, Friedman told the agents that he had been contacted by the taxpayer and instructed to immediately transfer the file to him. He stated that he had already removed the file from a filing cabinet to carry out the transfer. Despite repeated warnings from the agents that having been served with an administrative summons he was to retain control of the file, Mr. Friedman appeared uncertain as to whether he would do so. Fearing that the file would be transferred, the agents asked to examine it. They perused the file briefly to make a mental inventory of the documents on hand when the summons was served and asked Friedman several questions in that regard. No written notes were made, nor did the agents endeavor to acquire any substantive information from the file. Finally, Friedman called his attorney to inform him of service of the summons and allowed the agents to speak with him. The attorney requested only that Friedman make copies of the file. While the agents agreed Mr. Friedman could do so, they continued to try to impress upon Mr. Friedman that even during copying, he must retain possession of the file. However, even after the discussion, Friedman indicated that he intended to permit others to obtain possession of the file for purposes of making the copies or transfer the file to the taxpayer's lawyer despite service of the summons.

■ 26 U.S.C. § 7609(d) restricts the IRS from examining summoned material for twenty-three days after notice of the summons has been given. The taxpayer has twenty days from his receipt of the notice to commence a proceeding to quash. 26 U.S.C. § 7609(b)(2)(A). It is the duty of the third-party record keeper, here the accountant, to assemble and be prepared to produce the summoned material on the day the records are to be examined. 26 U.S.C. § 7609(i)(1). Reading 26 U.S.C. § 7609 as a whole reveals that the purpose of subsection (d) is to provide the taxpayer a time period to decide whether to commence a proceeding to quash before the IRS has examined the summoned records. If, however, the third-party were to violate his duty and dispose of the records the efforts of the IRS would be frustrated, potentially permanently.

In *United States v. Moulton,* 614 F.2d 1063 (5th Cir.1980), the Court stated, "The correct approach for determining whether to enforce a summons requires the court to evaluate the seriousness of the violation under all the circumstances, including the government's good faith and the degree of harm imposed by the unlawful conduct." *Id.* at 1066.

■ In the present case the agents saw Friedman as he was leaving his office; upon sighting the agents Friedman recognized one and retreated back into his office. One of the agents was aware that Friedman had failed to produce summoned material on a previous occasion.[1] When the agents spoke with Friedman he informed them of his intention to transfer the file to the taxpayer and that he had already assembled the file for that purpose. Even after repeated warnings from the agents that he was to retain the file Friedman continued insisting that he would surrender possession to the taxpayer. Under these circumstances the agents acted in good faith in examining the file to ascertain what documents were present when the summons was served and briefly questioning Friedman to verify this. Therefore, the agents' acts did not constitute a violation of

---

1. The taxpayer argues that the agent's knowledge of Friedman's prior failure to produce records required him to petition the court for immediate production of the file under 26 U.S.C. § 7609(g). While the agent's knowledge is relevant to a determination of his good faith in requesting to see the file, standing alone, it would be insufficient to warrant a Court granting such a request.

**388**

26 U.S.C. § 7609(d) that requires quashing the summons.

 Similarly, the agents' acts did not violate the taxpayer's Fourth Amendment Rights. None of the cases cited by the taxpayer involve a situation where an agent of the government has made a good faith response to a party's clear indication that the summoned material would be transferred beyond the reach of the IRS. Moreover, the cases involve substantial misrepresentations made by the agent which are not present here. *See, United States v. Avila,* 227 F.Supp. 3 (N.D.Cal. 1963); *United States v. Deak-Perera & Co.,* 52 AFTR 2d 5508, *reh. den.,* 52 AFTR 2d 5803 (D.C.D.C., 1983); *United States v. Beacon Federal Savings & Loan,* 718 F.2d 49 (2d Cir.1983).

 Finally, the taxpayer argues that *United States v. Genser,* 582 F.2d 292 (3d Cir.1978) and *United States v. Beacon Federal Savings & Loan,* 718 F.2d 49 (2d Cir.1983) provides him with a suppression remedy. *United States v. Beacon, supra,* dealt with the suppression remedy in an IRS summons endorsement proceeding as follows:

> "We turn then to the fourth amendment problem. To begin, we note that taxpayers have mischaracterized the question by treating it as an evidentiary issue, for they argue that the exclusionary rule applies in a proceeding to enforce an IRS third-party summons. The issue, however, is not whether evidence should be excluded from the fact finder's consideration in this statutory enforcement proceeding; instead, the issue is whether an agent's unconstitutional search and seizure should bar the IRS from receiving the court's aid in enforcing a summons issued to assist an investigation that was intensified as the result of the information unconstitutionally obtained by the agent."

*Id.* at 52–53. This reasoning is consistent with the concern that the proceeding remain summary in nature and leads to the conclusion that suppression is not an appropriate remedy. Moreover, both *United States v. Genser, supra,* and *United States v. Beacon, supra,* are distinguishable from the present case in two respects. First, as previously noted, the agent's acts in this case were done in good faith and were necessitated by Friedman's actions and statements. Second, the present investigation was not intensified by any events that occurred in Friedman's office since the summons had already been issued.

Because the taxpayer has failed to establish that the summons was improperly served or that enforcement of the summons would be an abuse of the court's process, his petition to quash will be denied and the government's petition for enforcement of the summons will be granted.